UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEREMY A. WINNERS,

    Plaintiff,

v.

KELLERMAN *et al.*,

    Defendants.

CAUSE NO. 3:21-CV-440-DRL-MGG

OPINION AND ORDER

Jeremy A. Winners, a prisoner without a lawyer, initiated this case by filing a complaint on June 17, 2021. ECF 1. He did not pay the filing fee or seek leave to proceed *in forma pauperis* at that time. ECF 1. He was notified that he needed to resolve his filing fee status either by paying the filing fee or filing an in forma pauperis motion with a copy of his inmate trust fund ledger detailing his transactions for the past six months. ECF 3. He was granted until July 26, 2021 to respond. ECF 3. He responded by filing a petition to proceed *in forma pauperis* without providing his trust fund ledger. ECF 4. The motion was denied, and Mr. Winners was granted until August 27, 2021, to either pay the filing fee or file another *in forma pauperis* motion with a copy of his inmate trust fund leger detailing his transactions for the past six months. ECF 5. On August 13, 2021, Mr. Winners notified the court of a change of address. ECF 6. The clerk's office remailed the court's order setting the August 27, 2021, deadline to Mr. Winner's new address. On August 30, 2021, Mr. Winners notified the court that he was having trouble with his mail – he reported that he had not received any legal mail in any of his cases since July 27, 2021.

ECF 7. Though no mail had been returned to the court as undeliverable, in an abundance of caution, the court ordered that the July 27, 2021, order be resent a second time. ECF 9. The court also extended the deadline until October 7, 2021. ECF 9. That order was returned to the court marked "refused." ECF 10. On October 15, 2021, when Mr. Winners had filed nothing further with the court, the case was dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Now Mr. Winners has filed a motion to reconsider the dismissal of his case. In it, he asserts that he sent the court his six-month account ledger. ECF 14. Because the motion to reconsider was filed more than twenty-eight days after the entry of the dismissal order, it is construed pursuant to Federal Rule of Civil Procedure 60(b). *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). An order granting relief under Rule 60(b) is an "extraordinary remedy" that is granted "only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). Here, the only arguably applicable basis for relief is "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

This case was initiated nearly six months ago. Mr. Winner's was given ample opportunity to resolve his filing fee either by paying it or seeking leave to proceed in forma pauperis and including copies of his inmate trust fund ledger detailing his transactions for the past six months. Mr. Winners claims that he provided the ledger, but he does not say when he sent it, and it was not received by the court. Despite knowing that his case had been dismissed because he did not resolve his filing fee or otherwise respond to the court's order, he still has not provided the ledger. Dismissal without

2

prejudice was appropriate, and Mr. Winners has not demonstrated that the extraordinary remedy of setting aside the judgment is warranted here.

For these reasons, the motion (ECF 14) is DENIED.

SO ORDERED.

December 14, 2021  *s/ Damon R. Leichty*
Judge, United States District Court